UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JONATHAN FRANKLIN BRUNET, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 23-320-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARTIN O'MALLEY, Commissioner of | ) | **MEMORANDUM ORDER** |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Jonathan Brunet and Defendant Martin O'Malley, Commissioner of Social Security, have filed a joint motion for an award of the plaintiff's attorney's fees in the amount of $6,800.00 and costs in the amount of $402.00 under the Equal Access to Justice Act ("EAJA"). [Record No. 13] Although the plaintiff is the prevailing party in this action, he has not satisfied the requirements for obtaining payment of fees and expenses under the EAJA.

Brunet filed a Complaint on November 16, 2023, challenging the Commissioner's decision denying him benefits. The Commissioner filed an Answer on January 12, 2024. Then, on February 28, 2024, the Court granted the Commissioner's unopposed motion, conceding that the matter should be remanded to the agency for further consideration.

A party seeking an award of fees and expenses must submit an application within 30 days after final judgment, which includes "(1) a showing that the applicant is a prevailing party; (2) a showing that the applicant is eligible to receive an award . . . and (3) a statement of the amount sought together with an itemized account of time expended and rates charged." *Scarborough v. Principi*, 541 U.S. 401, 408 (2004) (citing § 2412(d)(1)(B)). Specifically, the

- 1 -

EAJA requires that a court direct the United States to pay attorney's fees to a party who prevailed against the federal government in a civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  *See* 28 U.S.C. § 2412(d)(1)(A).  The EAJA specifies that the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [but] shall not [exceed] $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  § 2412(d)(2)(A).  This is a determination for the Court to make, not the parties by agreement.

As noted above, Brunet is the prevailing party; however, the motion is otherwise deficient.  *See Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) ("A [sentence four of 42 U.S.C. § 405(g)] remand makes the plaintiff a 'prevailing party' under the EAJA").  Specifically, the plaintiff's counsel fails to identify the number of hours worked on this matter or provide an itemized account of the time expended.  Likewise, the plaintiff has not provided information regarding counsel's hourly rates for the services provided.  This precludes the Court from determining whether the total award is reasonable based on counsel's hourly rate.  Finally, the parties have not certified that Brunet is eligible to receive an award under the EAJA by declaring that his "net worth did not exceed $2,000,000 at the time the civil action was filed."  *See* § 2412(d)(2)(B).

Based on the foregoing, it is hereby

**ORDERED** that the joint motion for attorney's fees and costs [Record No. 13] is **DENIED**.

Dated: May 16, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky