UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JONATHAN FRANKLIN BRUNET, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 23-320-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARTIN O'MALLEY, Commissioner of Social Security, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Plaintiff Jonathan Brunet's motion for attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [Record No. 15] The plaintiff's has now satisfied the requirements for obtaining payment of fees and expenses under the EAJA; therefore, the motion will be granted.[1]

A party seeking an award of fees and expenses must submit an application within 30 days after final judgment, which includes "(1) a showing that the applicant is a prevailing party; (2) a showing that the applicant is eligible to receive an award . . . and (3) a statement of the amount sought together with an itemized account of time expended and rates charged." *Scarborough v. Principi*, 541 U.S. 401, 408 (2004) (citing § 2412(d)(1)(B)). The EAJA requires payment of fees and expenses to the prevailing party in an action against the United States unless the government's position was substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A). The EAJA specifies that the amount of fees awarded "shall be based upon

---

[1] Based on the parties' earlier filing, a response from the defendant is not necessary.

prevailing market rates for the kind and quality of the services furnished . . . [but] shall not [exceed] $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." § 2412(d)(2)(A).

Brunet is the prevailing party because the matter was remanded to the agency pursuant to sentence four of 42 U.S.C. § 405(g) on February 28, 2024. *See Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) ("A [sentence four of 42 U.S.C. § 405(g)] remand makes the plaintiff a 'prevailing party' under the EAJA"). As "an individual whose net worth was and is less than two million dollars," Brunet is eligible to receive attorney's fees. *See* § 2412(d)(2)(B). Additionally, he has provided an itemized account of the time his counsel expended on this case. Specifically, he seeks attorney's fees in the amount of $205.00 per hour. The claimed number of hours expended is consistent with what could be expected in this case and, therefore, is reasonable and compensable under the Act, particularly considering the attorney's background and experience. *See Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484, 491 (6th Cir. 2021) (finding a range of comparable hourly market rates between $205 and $500). Finally, the plaintiff's application alleges that the position of the United States was not substantially justified.

Brunet has assigned his right to EAJA fees to his attorney. However, it is unclear whether Brunet owes any debt that is subject to a government offset under the Treasury Offset Program. *See* 31 U.S.C. § 3716(c)(3)(A). Accordingly, if the Commissioner determines that the plaintiff does not owe a debt subject to offset under this program and agrees to waive the requirements of the Anti-Assignment Act after receiving this Order, the Commissioner may make fees payable to the plaintiff's attorney. *See Kerr for Kerr v. Comm'r of Soc. Sec.*, 874

- 3 -

F.3d 926, 935 (6th Cir. 2017); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 447-48 (6th Cir. 2009).

Being sufficiently advised, it is hereby

**ORDERED** that the motion for attorney's fees and expenses [Record No. 15] is **GRANTED**. Plaintiff Jonathan Brunet is awarded $6,800.00 in attorney's fees and expenses in the amount of $402.00, for a total of $7,202.00, pursuant to the Equal Access to Justice Act and consistent with payment directions outlined herein.

Dated: May 17, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky